UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

LEON MAURICE AGER et al.,                      :

                  :

               Plaintiffs,       :            26-CV-903 (JMF)

                  :

        -v-                   :     MEMORANDUM OPINION

                  :     AND ORDER TO SHOW

ROGER GOODELL et al.,                 :            CAUSE

                  :

               Defendants.      :

                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs Leon Ager and Billy Larkin, who are proceeding without counsel, filed an

Amended Complaint ("Complaint") on March 30, 2026, against the National Football League

("NFL"), NFL Commissioner Roger Goodell, and current and former owners of nearly all NFL

teams. ECF No. 9 ("Compl.").[1] In essence, the Complaint alleges that those Defendants

misappropriated a proposal that Plaintiffs submitted to the NFL in 2013 to improve the

popularity of the Pro Bowl and thereby committed fraud, conversion and conspiracy, unjust

enrichment, and breach of quasi-contract. *See* Compl. ¶¶ 1-12, 50-83. The Complaint also

alleges a fifth cause of action — "disparate treatment" — which the Court construes as a Section

1983 claim that Defendants violated Plaintiffs' Fourteenth Amendment constitutional right to

equal protection. *Id.* ¶¶ 84-92; *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to

raise the strongest arguments that they suggest." (internal quotation marks omitted)).

---

[1]     Notably, although Plaintiffs currently reside in North Carolina, *see* Compl. ¶¶ 15-16, they do not name the owner of the Carolina Panthers as a Defendant. That is presumably because doing so would defeat complete diversity between the parties, which is Plaintiffs' proffered basis for this Court's jurisdiction. *See* 28 U.S.C. § 1332.

To the Court's knowledge, this is at least the third time these Plaintiffs have brought some version of this suit. On September 3, 2019, Ager (but not Larkin) filed a complaint bringing Section 1983 claims against Commissioner Goodell and another NFL employee based on the same allegations. *See Ager v. Goodell*, 19-CV-8250 (CM), ECF No. 2 (S.D.N.Y. Sept. 3, 2019) ("*Ager I*"). Then-Chief Judge Colleen McMahon dismissed the complaint with prejudice, holding that Ager had failed to state a claim because he did not allege that the defendants in that case were state actors. *See Ager I*, 2019 WL 5550591, at *2 (S.D.N.Y. Oct. 25, 2019). Nearly six years later, Ager and Larkin filed a complaint before this Court making identical allegations as the complaint in *Ager I* and adding new claims for fraud, conversion and conspiracy, unjust enrichment, and breach of quasi-contract. *See Ager v. Goodell*, 25-CV-3630 (JMF), ECF No. 15 (S.D.N.Y. July 7, 2025) ("*Ager II*"). After several months of attempting to effect service on Defendants, Plaintiffs voluntarily dismissed that complaint pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See Ager II*, ECF No. 40 (S.D.N.Y. Jan. 6, 2026).

For several reasons, the Court is skeptical that Plaintiffs' third attempt to raise these claims will be the charm. For starters, the doctrine of claim preclusion, also known as *res judicata*, appears to bar these types of repetitious suits. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).[2] Claim preclusion "bars the relitigation . . . of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010). Claim preclusion generally

---

[2]    Although claim preclusion is an affirmative defense that is typically pleaded in a defendant's answer, *see* FED. R. CIV. P. 8(c), the Court may, on its own initiative, raise the issue. *Cf. Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions").

applies if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Sikorsky v. City of Newburgh*, 136 F.4th 56, 62 (2d Cir. 2025) (cleaned up). The third element is satisfied if the "later suit . . . involve[s] the same cause of action as the earlier suit," which is the case when both suits "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (cleaned up).

Ager's claims here appear to satisfy all three elements. First, as already noted, Judge McMahon dismissed his complaint in *Ager I* with prejudice for failure to state a claim, *see Ager I*, 2019 WL 5550591, at *2, and such a dismissal is undoubtedly "a final judgment on the merits and thus has *res judicata* effects." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Second, the complaint in *Ager I* was filed against Commissioner Goodell, who is also named as a defendant here. To be sure, this Complaint also names other defendants, including the owners of nearly all NFL teams and the NFL itself, but each of those defendants appears to be in privity with Commissioner Goodell through their shared participation in the NFL. *Cf. Malcolm v. Bd. of Educ of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 68 (2d Cir. 2012) (summary order) ("Although this action adds defendants who were not part of the prior actions, because all of the defendants named in this action are either current or former agents or employees of the school district, the principle of privity bars relitigation of these claims against these new defendants as well."); *accord Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810, 812 (2d Cir. 2020) (summary order). And finally, the Complaint's Section 1983 claim was raised and dismissed in *Ager I, see* 2019 WL 5550591, at *2, and the new claims it brings for fraud, conversion and conspiracy, unjust enrichment, and breach of quasi-contract all appear to "arise out of the same transaction," *Cayuga Nation*, 6 F.4th at 375 — namely, Plaintiffs'

3

submission of their Pro Bowl proposal — and thus "could have been raised in the prior action." *Sikorsky*, 136 F.4th at 62.  Accordingly, Ager appears to be precluded from bringing this suit.

Assuming *arguendo* that Larkin is not similarly precluded from bringing suit, his claims — under Section 1983 and for fraud, conversion and conspiracy, unjust enrichment, and breach of quasi-contract — appear to be untimely.  That appears to be true whether the law governing the statutes of limitations to be applied is that of North Carolina (where Plaintiffs currently reside, Compl. ¶¶ 15-16) or New York (where the NFL has its principal place of business, *id.* ¶ 49).  *See, e.g.*, *Com. Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 30 (2d Cir. 1999) (declining to conduct a choice-of-law analysis where "it appears that the outcome would be the same under" the law of the two jurisdictions in play).  North Carolina has a three-year limitations period for such claims.  *See* N.C. GEN. STAT. § 1-52(1) (unjust enrichment and breach of quasi-contract); *id.* § 1-52(5) (conversion); *id.* § 1-52(9) (fraud); *Carlisle v. Keith*, 615 S.E.2d 542, 549 (N.C. Ct. App. 2005) (applying the three-year limitations period of N.C. GEN. STAT. § 1-52(5) to a civil conspiracy claim).  New York's limitations period ranges from three years for conversion, *see* N.Y. C.P.L.R. § 214(3), to six years for unjust enrichment, *id.* § 213(1), breach of quasi-contract, *id.* § 213(2), and fraud, *id.* § 213(8).[3]  And the limitations period for any Section 1983 claim is equivalent to the applicable limitations period for personal injury tort claims.  *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  That ranges from three years in North Carolina, N.C. GEN. STAT. § 1-52(5), to one to three years in New York, *see* N.Y. C.P.L.R. §§ 214(5) (personal injury), 215(3) (assault and battery).  Some claims begin accruing at the time the alleged tort was committed, *see, e.g.*, N.C. GEN STAT. § 1-52(5), while others begin accruing at the time the harm was discovered by the plaintiff, *see, e.g.*, *id.* § 1-52(9).

---

[3]    In New York, "conspiracy is not an independent tort, and is time-barred when the substantive tort underlying it is time-barred." *Schlotthauer v. Sanders*, 545 N.Y.S.2d 197, 199 (N.Y. 1989).  Accordingly, the same limitations periods apply to any conspiracy claim.

In general, a plaintiff's claims can be dismissed as time barred before an answer is filed "*only* if it is clear on the face of the complaint that the statute of limitations has run." *Doe v. Kimmel*, No. 24-CV-3201 (JMF), 2025 WL 343509, at *2 (S.D.N.Y. Jan. 30, 2025) (internal quotation marks omitted); *see also, e.g.*, *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while the statute of limitations is typically an affirmative defense, a court may grant a motion to dismiss on that basis when the deficiency is clear from the face of the complaint).  But that appears to be the case here.  Larkin alleges that: (1) he mailed his Pro Bowl proposal to the NFL on March 6, 2013, Compl. ¶ 3; (2) he received a response on March 18, 2013, *id.* ¶ 7; (3) that the NFL voted to adopt his proposal that same day, *see id.* ¶ 8; and (4) he discovered the misappropriation when the Pro Bowl was held in January 2014, *see id.* ¶ 56.  Thus, regardless of whether Larkin's claims began accruing when the NFL misappropriated his proposal or when he discovered that it had done so, both events occurred over a decade ago and the claims therefore appear to be barred under both North Carolina and New York law.

In light of the foregoing, Plaintiffs are ORDERED to show cause in writing, **no later than August 6, 2026**, why this case should not be dismissed as claim precluded and/or time barred.  If Plaintiffs fail to show cause or do not file anything by the deadline, the Court will dismiss the Complaint without further notice to the parties.

The Clerk of Court is directed to mail a copy of this Order to Plaintiffs.

SO ORDERED.

Dated:  June 25, 2026
      New York, New York

                    JESSE M. FURMAN
                    United States District Judge

5